[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue before the court is whether the plaintiff may bring a private cause of action under CUIPA. Because this court finds that there is no private cause of action under CUIPA, the defendant's motion to strike count four is granted.
 FACTS
On August 31, 2000, the plaintiff, Marie S. Chance, filed a four count amended complaint against the defendants, Fatbardha Kulla and Nationwide Insurance Company (Nationwide). The plaintiff alleges, inter alia, that Nationwide has failed to compensate her with uninsured motorist coverage as required by General Statutes § 38c-336, has failed to pay her medical bills in accordance with her policy, and has violated the Connecticut Unfair Insurance Practices Act (CUIPA) § 38a-815 et seq. by failing to pay her medical bills. On October 31, 2000, Nationwide filed a motion to strike the CUIPA count on the ground that the statute does not provide for a private cause of action.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270-71, 709 A.2d 558
(1999). "A motion to strike admits all facts well pleaded; it does not CT Page 6878 admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997).
Nationwide argues that CUIPA does not contain provisions for a private cause of action, but only provides for enforcement by the state insurance commissioner which imposes penalties through administrative procedures. Conversely, the plaintiff argues that, although there is a split of authority in the Superior Court on this issue, the more persuasive authorities allow a private cause of action under CUIPA.
Under CUIPA, General Statutes § 38a-815 provides in relevant part: "No person shall engage in this state in any trade practice which is defined in section 38a-816 as, or determined pursuant to sections 38a-817
and 38a-818 to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance. . . . The commissioner shall have power to examine the affairs of every person engaged in the business of insurance in this state in order to determine whether such person has been or is engaged in any unfair method of competition or in any unfair or deceptive act or practice prohibited by sections 38a-815 to 38a-819, inclusive."
Neither the Supreme Court nor the Appellate Court have decided whether a private cause of action arises under CUIPA independent of CUTPA and there is a split in the Superior Court as to whether CUIPA provides a private right of action. After having reviewed the Superior Court decisions, this court is persuaded by the line of cases that have found there is no private cause of action under CUIPA. See Conway v. TravelersCasualty, Superior Court, judicial district of New Haven at New Haven, Docket No. 588119 (Dec. 15, 2000); Perrelli v. Strathmore Farms, Superior Court, judicial district of New Haven at New Haven, Docket No. 428988 (March 2, 2000, Levin, J.); Baroni v. Western Reserve Life AssuranceCo., Superior Court, judicial district of Middlesex at Middletown, Docket No. 087965 (September 29, 1999, Gordon, J.); Garber v. Nationwide Ins.Co., Superior Court, judicial district of New Britain, Docket No. 488913 (Mar. 25, 1999, Robinson, J.); Colon v. Geico Casualty Company, Superior Court, judicial district of New Haven at New Haven, Docket No. 419197 (July 28, 1999, Moran, J.); Rowlands v. Commodore Commons CondominiumAssn., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 063281 (January 13, 1999, Curran, J.); Gold v. AmericanEconomy Insurance, Superior Court, judicial district of New Haven at New Haven, Docket No. 380475 (June 23, 1998, Moran, J.) (22 Conn.L.Rptr. 349);Stabile v. Southern Connecticut Hospital Systems, Superior Court, judicial district of Fairfield, Docket No. 326120 (Oct. 31, 1996, Levin,J.) (18 Conn.L.Rptr. 157); Gonzalez v. Lewis Services, Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. 245151 CT Page 6879 (March 31, 1995, Silbert, J.).
"[T]here is no express authority under CUIPA for a private cause of action . . . CUIPA is not ambiguous; by its express terms, CUIPA is a regulatory act, authorizing the insurance commissioner to investigate alleged unfair insurance practices. Even if the provisions of CUIPA are ambiguous as to a private right of action, the existence of such a right should not be recognized. This is because CUIPA authorizes the imposition of criminal penalties for the commission of conduct it proscribes . . . [and] ambiguity in penal statutes requires a construction limiting rather than expanding civil liability." (Citations omitted; internal quotation marks omitted). Garber v. Nationwide Ins. Co., supra, Superior Court, Docket No. 488913. In addition, "[a] person who feels that he or she has been harmed by a CUIPA violation is not without remedy, but that remedy needs to be pursued as a CUTPA [claim]." (Internal quotation marks omitted.) Baroni v. Western Reserve Life Assurance. Co., supra, Superior Court, Docket No. 087965.
Additionally, in Stabile v. Southern Connecticut Hospital Systems,Inc., supra, 18 Conn.L.Rptr. 157, the court provided an in depth analysis of whether CUIPA grants an implied private cause of action by applying the test provided by our Supreme Court in Napoletano v. CianaHealthCare of Connecticut, Inc., supra, 238 Conn. 250.[1] The Stabile
court determined, under the three tier test that first, the intent of the legislature was to benefit consumers. Second, the statute and legislative history do not reveal a legislative intent to create a private right of action. Third, the court found that because the legislature has limited the enforcement of the statute to the insurance commissioner and requires a plaintiff to show a general business practice, an implied private cause of action is inconsistent with the underlying purposes of the legislative scheme and does not easily lend itself to a private action arising from a single claim. See Stabile v. Southern Connecticut Hospital Systems,Inc., supra, 18 Conn.L.Rptr. 157.
Because CUIPA does not expressly provide for a private cause of action, and CUIPA does not meet the factors necessary to construe an implied right to a private cause of action pursuant to the test outlined in Napoletano v. Cigna HealthCare of Connecticut, Inc., supra,238 Conn. 249, the plaintiff has failed to allege a legally sufficient cause of action under CUIPA upon which relief can be granted. The court therefore grants the motion to strike count four of the amended complaint.
CHASE T. ROGERS, J.